**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL R. MCNEIL,                    CASE No.: 6:24-cv-00218-JA-EJK

    Plaintiff,

vs.

NGA NGUYEN and MAMASAN'S
VIETNAMESE CAFÉ 2, LLC d/b/a
PAPASAN'S VIETNAMESE CAFÉ,

    Defendants.
_____/

**DEFENDANT MAMASAN'S VIETNAMESE CAFÉ 2, LLC
D/B/A PAPASAN'S VIETNAMESE CAFÉ'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

Defendant, MAMASAN'S VIETNAMESE CAFÉ 2, LLC d/b/a PAPASAN'S VIETNAMESE CAFÉ ("Defendant"), hereby answers the Complaint filed by Plaintiff, MICHAEL R. MCNEIL ("Plaintiff").

**JURISDICTION AND PARTIES**

1. Paragraph 1 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to seek the relief indicated pursuant to the claim identified in Paragraph 1 and seeks to base jurisdiction on the statutes recited in Paragraph 1. Defendant denies that Plaintiff is entitled to the relief indicated in Paragraph 1, or to any relief at all.

2. Defendant admits that venue is appropriate in this Court, but denies that there were any events giving rise to this lawsuit.

3. Defendant is without knowledge and therefore denies the allegations in Paragraph 3 of the Complaint

4. Defendant denies that Plaintiff was ever denied full and equal access to, and full and equal enjoyment of, the facilities, services, goods, privileges, and accommodations offered within Papasan's Vietnamese Café restaurant in Orlando, Florida, Defendant is without knowledge and therefore denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits that it is authorized to and conducts business within the state of Florida. Defendant is without knowledge and therefore denies the remaining allegations in Paragraph 6 of the Complaint.

6. Defendant admits that it is the lessee of the real property located at 400 N. Cocoa Blvd, Cocoa, Florida, in which it operates a restaurant named Papasan's Vietnamese Café. Defendant is without knowledge as to what "improvements" Plaintiff is referring to in Paragraph 6 of the Complaint, and therefore denies the remaining allegations in that paragraph.

7. Defendant admits that Nga Nguyen is the owner and lessor of the subject property. Defendant is without knowledge as to what "improvements" Plaintiff is referring to in Paragraph 7 of the Complaint, and therefore denies the remaining allegations in that paragraph.

8. Defendant admits that the subject premises are located in Brevard County, Florida, Defendant otherwise denies the allegations in Paragraph 8 of the Complaint.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

9. Paragraph 9 of the Complaint contains a legal statement or conclusion to which no response is required. To the extent that a response is required, Defendant states that the referenced statute and regulation speak for themselves.

10. Paragraph 10 of the Complaint contains a legal statement or conclusion to which no response is required. To the extent that a response is required, Defendant states that the referenced statute and regulation speak for themselves.

11. Paragraph 11 of the Complaint contains a legal statement or conclusion to which no response is required. To the extent that a response is required, Defendant states that the referenced statute and regulation speak for themselves.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendant admits that its restaurant, Papasan's Vietnamese Café, is a place of public accommodation under the Americans with Disabilities Act.

14. In response to Paragraph 14, Defendant states that the subject facility was constructed prior to 1990. Since then, the building has been renovated, most recently within the last year with the input and approval of the City of Cocoa officials.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant is without knowledge and therefore denies that Plaintiff visited the Papasan's Vietnamese Café restaurant prior to filing this lawsuit, resides near the restaurant, or intends to visit within the next six months. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains a legal statement or conclusion to which no response is required. To the extent that a response is required, Defendant states that the referenced statute and regulation speak for themselves.

18. Defendant denies the allegations, including all sub-parts, in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies that it has failed to comply with the Americans with Disabilities Act. Otherwise, Paragraph 21 of the Complaint contains a legal statement or conclusion to which no response is required. To the extent that a response is required, Defendant states that the referenced statute and regulation speak for themselves.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains a legal statement or conclusion to which no response is required. To the extent that a response is required, Defendant states that the referenced statute speaks for itself.

24. Defendant denies that Plaintiff is entitled to the relief requested in the Wherefore clause of the Complaint.

25. Defendant denies all allegations in the Plaintiff's Complaint not otherwise admitted above.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses and affirmative defenses. In doing so, Defendant does not assume the burden of proof as to matter that, pursuant to law, are Plaintiff's burden to prove. Defendant also reserves the right to plead any additional affirmative defenses pursuant to the Federal Rule of Civil Procedure 8(c), and any other defenses, at law or equity, that may not exist or in the future to be available based upon discovery and further factual investigation in this litigation.

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claim for injunctive relief is barred because Plaintiff has not demonstrated a real and immediate threat of future injury.

3. Some or all of Plaintiff's claims are barred because Defendant has at all times relied in good faith upon, and acted in conformity, the implementing standards and guidelines of Title III of the Americans with Disabilities Act and applicable state law and regulations, pronouncements from federal state agencies, and state and local approvals. Granting some or all of the relief sought by Plaintiff would violate due process under state and/or federal constitutes and public policy.

4. Plaintiff's claims are barred because the relief Plaintiff requests is: (a) not required by law, (b) unreasonable, (c) not readily achievable, (d) structurally infeasible, (e) would impose an undue burden and cause a hardship, and/or (f) may jeopardize the health and safety of customers.

5.  Plaintiff's claims are barred because the relief Plaintiff requests would, if granted, fundamentally alter the Papasan's Vietnamese Café restaurant and/or the nature of the goods and services provided by Defendant.

6.  Plaintiff's claims are moot because Defendant is and/or has been in compliance with the laws, statutes, and regulations identified in Plaintiff's Complaint.

7.  Plaintiff's claims are moot, in whole or in part, to the extent that Defendant has undertaken removal or remedying the alleged architectural barriers and is or will soon be in full compliance with the ADA.

8.  Defendant made reasonable, good faith efforts to comply with the requirements of the ADA.

9.  Plaintiff's claims are barred because the claimed violations are "de minimus" and unactionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

10. Plaintiff's claims are barred because, in the context of this lawsuit, they are predicated on unconstitutionally vague and/or overly broad interpretations of regulations and laws or, alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

11. The allegations in the Complaint are vague, uncertain, and ambiguous.

12. Defendant has retained the law firm of Rumberger, Kirk & Caldwell, P.A., to represent them in this matter, is obligated to pay the firm a reasonable fee for its services, and is entitled to recover attorneys' fees from Plaintiff pursuant to the provisions of 42 U.S.C. § 12205.

WHEREFORE, Defendant, Mamasan's Vietnamese Café 2, LLC, respectfully requests the following:

1. That all relief requested in the Complaint be denied;

2. That judgment be entered in favor of Mamasan's Vietnamese Café 2, LLC, and against Plaintiff;

3. That Mamasan's Vietnamese Café 2, LLC, be awarded its attorneys' fees and costs incurred in defending this lawsuit; and

4. For such other and further relief as the Court may deem just and proper.

Dated: February 29, 2024

/s/ Lan B. Kennedy-Davis
LAN B. KENNEDY- DAVIS, ESQUIRE
Florida Bar No. 534021
RUMBERGER KIRK & CALDWELL, P.A.
P.O. Box 1873
Orlando, Florida 32802
Telephone (407) 872-7300
Facsimile (407) 841-2133
Email: lkennedy@rumberger.com
SARA L. KALLOP, ESQUIRE
Florida Bar No.  1018619
E-Mail:  skallop@rumberger.com (primary)
skallopsecy@rumberger.com (secondary)
Attorneys for Defendant Mamasan's Vietnamese Café 2, LLC, d/b/a Papasan's Vietnamese Café

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29, day of February, 2024, the foregoing was electronically filed via the CM/ECF System which will send a true and correct copy via e-mail to all counsel of record.

/s/ Lan B. Kennedy-Davis
LAN B. KENNEDY- DAVIS